UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHARLES VINCENT FLETCHER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-286-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Charles Fletcher is currently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Fletcher has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. [Record No. 1] In his petition, Fletcher challenges the career offender enhancement to his 2011 federal sentence in light of the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Fletcher's petition under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings,

the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On February 10, 2011, Fletcher robbed at gunpoint two employees at a restaurant in Minneapolis, Minnesota. He was subsequently charged with interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951, possessing and brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm having previously been convicted of three or more crimes punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). Specifically, the indictment listed four prior convictions for third degree burglary: two convictions on March 11, 1997, in Dakota County, Minnesota for separate burglaries committed on April 20, 1996 and July 7, 1996 and two convictions on June 26, 2006 in Hennepin County, Minnesota for separate burglaries committed on April 24, 2005 and June 14, 2006. *United States v. Fletcher*, No. 0: 11-CR-193-DSD-AJB-1 (D. Minn. 2011).

On October 13, 2011, Fletcher pled guilty to the robbery and felon-in-possession charges in exchange for dismissal of the brandishing charge under § 924(c). Fletcher faced a guideline range of 188 to 235 months imprisonment. When he sought a downward departure from the guidelines for 180 months, the government argued that he should receive a 235-month sentence at the top end of the guideline range in light of his extensive criminal history:

> The defendant's criminal record is equally violent and serious. The defendant has no less than 18 adult convictions, including three prior felony convictions for third degree burglary and three prior felony convictions for theft. He also has several misdemeanor convictions for disorderly conduct, second degree attempted theft, vehicle prowling, third degree malicious mischief, refusing to give information to a police officer, and pawning property of another. See PSR ¶¶ 36-53. In addition, the defendant has numerous other arrests for a variety of crimes and is currently pending charges for second degree burglary,

> two counts of third degree burglary, and receiving stolen property. See PSR ¶¶ 57-69. Based upon his criminal record, the probation office correctly concluded that the defendant had 20 criminal history points, seven points more than is needed to place him in the criminal history category of VI. In every sense of the phrase, the defendant is a "career offender" whose life has been marked by a continual disregard for the law and the rights of others. He is a classic recidivist who has committed and is likely to continue to commit additional crimes when he is released from prison.

*Fletcher*, No. 0: 11-CR-193-DSD-AJB-1 [Record No. 51, p. 3].

On February 22, 2012, the trial court sentenced Fletcher to two 195-month terms of incarceration, one for each offense, to be served concurrently and to be followed by a five-year term of supervised release. *Fletcher*, No. 0: 11-CR-193-DSD-AJB-1 [Record No. 56]. Fletcher did not appeal or collaterally attack his conviction or sentence under 28 U.S.C. § 2255 or otherwise.

A federal prisoner must present a challenge to the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not generally be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this prohibition. The savings clause only applies if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e); *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This exception allows the petitioner to challenge the validity of his final conviction under § 2241 where the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that

establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255.").

Fletcher asserts that his sentence was enhanced based on the residual clause of the Armed Career Criminal Act ("ACCA"). [Record No. 1, p. 5] Under the ACCA, a person who violates 18 U.S.C. § 922(g)(1) and has three qualifying convictions is subject to a fifteen-year mandatory minimum sentence. 18 U.S.C. § 924(e)(2)(B). According to Fletcher, his four convictions for third-degree burglary as listed in his indictment were imposed pursuant to Minn. Stat. 609.582.3. *Id.* He argues that such convictions only qualify as crimes of violence under § 924(e)(2)(B)'s "residual clause." [Record No. 1-1, pp. 3-5] Because the Supreme Court found that clause unconstitutionally vague in *Johnson*, 135 S. Ct. at 2563, Fletcher seeks an order compelling the trial court to resentence him for the § 922(g) conviction without the career offender enhancement.

As a preliminary matter, it is unclear whether Fletcher's sentence was based on the ACCA's residual clause or a comparable provision of the sentencing guidelines, U.S.S.G. § 4B1.2. The two provisions contain similar definitions for "crime of violence." *United States v. Ball*, 771 F. 3d 964, 969 (6th Cir. 2014) ("The language of the ACCA's residual clause is almost identical to language that defines a 'crime of violence' under the 'career offender' enhancement of the United States Sentencing Guidelines (U.S.S.G. §§ 4Bl.l, 4Bl.2), so we handle both provisions identically."), *cert. granted*, *judgment vacated*, __ U.S. __, 135 S. Ct. 2933 (2015) (vacating judgment for reconsideration in light of *Johnson*). However, "[t]he

Supreme Court has never held that the Sentencing Guidelines are subject to a vagueness challenge." *In re: Rivero*, 797 F.3d 986, 991 (11th Cir. 2015). Further, at least five federal courts of appeal, including the Sixth Circuit, "have held that the Sentencing Guidelines – whether mandatory or advisory – cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *Id.* (internal citations and quotation marks omitted). *See also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996); *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *United States v. Tichenor*, 683 F.3d 358, 363-66, 365 n.3 (7th Cir. 2012); *United States v. Wivell*, 893 F.2d 156, 159-160 (8th Cir. 1990). Accordingly, if the court that sentenced Fletcher based his career offender enhancement on U.S.S.G. § 4B1.2, *Johnson* does not apply and any vagueness argument he advances will not succeed.

But even if Fletcher's enhancement was based on the ACCA's residual clause rather than the Sentencing Guidelines, he may not assert a *Johnson* challenge to his sentence in this § 2241 proceeding. Fletcher does not contend that his felon in possession of a firearm conviction is invalid. Instead, he merely argues that the sentence imposed was excessive. The Sixth Circuit has repeatedly held that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes*, 473 F. App'x at 502 (same).

*Johnson* is not a case of statutory interpretation which narrowed the scope of conduct proscribed by the statute of conviction. Instead, it found unconstitutional a portion of the ACCA. Because *Johnson* did not announce "new rules of statutory construction unavailable for attack under section 2255," *Hayes*, 473 F. App'x at 501-02, a habeas petition under § 2241 is not an appropriate or available mechanism to pursue a claim under that decision. *Cf. Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of *Johnson* was not cognizable under § 2241, but must instead be brought by motion under § 2255); *Hollywood v. Rivera*, No. 2:15CV00113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same); *Lane v. Butler*, No. 6: 15-101-DCR, 2015 WL 5612246, at *3 (E.D. Ky. Sept. 21, 2015). Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Charles Vincent Fletcher's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket. A separate Judgment shall be entered this date.

This 22nd day of December, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge